UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:23-CR-13 JCM (BNW) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| RICHARD WHITTAKER, | |
| Defendant(s). | |

Presently before the court is the government's motion *in limine* to exclude the testimony of defendant Richard Whittaker ("defendant")'s expert witness. (ECF No. 42). Defendant filed a response (ECF No. 47), to which the government replied (ECF No. 52).

**I.   Background**

On January 31, 2023, a federal grand jury returned an indictment charging defendant with failing to update his sex offender registration in violation of 18 U.S.C. § 2250(a). (ECF No. 1 at 1). The indictment states that defendant, who was convicted of rape in Arkansas in 1993, traveled in interstate commerce and *knowingly* failed to register or update a registration as required by the Sex Offender Registration and Notification Act ("SORNA"). (*Id.* at 1-2) (emphasis added).

Defendant filed a notice of intent to introduce expert evidence relating to mental disease on June 30, 2023. (ECF No. 19). On August 17, 2023, defendant filed an expert notice identifying Dr. Sharon Jones-Forrester ("Dr. Jones-Forrester") as his expert witness. (ECF No. 29).

The expert notice indicates that defendant's expert would testify that defendant's "symptoms would prevent him from completing registration requirements and legal tasks on this

**James C. Mahan**
**U.S. District Judge**

[sic] own," and that defendant "will likely need assistance complying with legal requirements and daily tasks." (*Id.* at 5). Defendant supplements his expert notice with two reports authored by Dr. Jones-Forrester. (ECF Nos. 29-3, 29-4). Trial is scheduled for January 8, 2024. (ECF No. 39).

The government attacks the relevance of Dr. Jones-Forrester's testimony under Federal Rule of Evidence ("FRE") 702. (ECF No. 42 at 2-3). Specifically, the government alleges that the proposed testimony is irrelevant because it would neither negate nor help negate an element of the charged offense, thus warranting its exclusion. (*Id.* at 3).

As explained, *infra*, the testimony of defendant's expert is crucial in helping the jury determine whether defendant knowingly committed the charged offense, as he suffers from dementia. Furthermore, precluding Dr. Jones-Forrester's testimony would prejudice defendant, as excluding her testimony would foreclose his entire defense.

**II.     Legal Standard**

A.  Motions in limine

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*,

**James C. Mahan**
**U.S. District Judge**

939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("[t]he district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

B. Expert testimony

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed R. Evid. 702.

The district court serves a gatekeeper function in evaluating scientific testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). When a district court is faced with a proffer of scientific testimony, it must make a preliminary determination under FRE 702 whether the reasoning or methodology underlying the testimony is scientifically valid. *Id.* at 592-93. A key question to be answered in determining whether a theory or technique is scientific knowledge that will assist the trier of fact will be whether it can be tested. *Id.* at 593.

James C. Mahan
U.S. District Judge

The objective of this gatekeeping requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). This gatekeeping requirement applies not only to scientific testimony, but also to all expert testimony covered by FRE 702. *Id.* at 147-49.

The trial court has the role of keeping out expert testimony that is not relevant and has broad latitude in exercising this function. *Cooper v. Brown*, 510 F.3d 970, 942 (9th Cir. 2007). The court, as the proponent of evaluating whether an expert's testimony is relevant, should not limit its consideration to the strength or existence of the expert's opinion. *See United States v. Rahm*, 993 F.2d 1405, 1411 (9th Cir. 1993). Instead, the ultimate consideration is whether the expert's testimony would assist the jury in drawing its own conclusion as to a fact at issue. *Id*.

**III.   Discussion**

A.   Relevance under FRE 702

There is little doubt that Dr. Jones-Forrester's testimony is necessary to assist the jury with the determination of whether defendant's dementia was severe enough to prevent him from updating his sex offender registration, the lone defense to his case.

The only argument proffered by the government is that the proposed testimony is irrelevant because it would neither negate nor help negate an element of the charged offense. (ECF No. 42 at 3). Accordingly, the court must look at the statutory provisions of 18 U.S.C. § 2250.

Under 18 U.S.C. § 2250, the government must prove that (1) defendant is required to register under SORNA; (2) defendant traveled in interstate commerce; and (3) defendant knowingly failed to register or update registration under SORNA. 18 U.S.C. § 2250(a). Most

**James C. Mahan**
**U.S. District Judge**

pertinent to this matter is the third element of the statute, which has a "knowingly" component that requires "the government to prove that a convicted sex offender knew of a registration and knowingly failed to register or update a registration." 18 U.S.C. § 2250(a)(3); *see United States v. Crowder*, 656 F.3d 870, 876 (9th Cir. 2011).

The government never specifies why defendant's expert's proposed testimony is irrelevant; it merely states that it would not be helpful in negating an element of the charged offense. Contrarily, defendant's motion is very specific regarding how Dr. Jones-Forrester's testimony would assist the jury.

Defendant states that Dr. Jones-Forrester diagnosed him with progressive dementia and found that his memory is in the extremely low range. (ECF No. 29-4 at 3). She opines that defendant's symptomatic memory deficiency is directly correlated to whether he possessed the requisite knowledge of needing to register at the time of the offense. (ECF No. 47 at 5).

Given her extensive experience evaluating dementia patients and her six years of observing defendant, the court agrees with defendant's argument that allowing Dr. Jones-Forrester's testimony is paramount to understanding the extent of his memory issues, and she is in the best position to opine on their effects. Accordingly, Dr. Jones-Forrester's testimony is admissible under FRE 702, as it assists the jury in determining whether defendant *knew* of his registration requirements at the time of his offense, and whether he *knowingly* failed to register. *See Crowder*, 656 F.3d at 876.

B.  Prejudice to defendant

Defendant would be severely prejudiced if the testimony of Dr. Jones-Forrester were excluded. The Constitution "guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (internal citation and

**James C. Mahan**
**U.S. District Judge**

quotations omitted). This circuit has held that precluding a defendant from presenting evidence of a mental condition is highly prejudicial when the defendant's *entire defense* rests on a mental condition or defect. *See Rahm*, 993 F.2d at 1415 (emphasis added).

Defendant's sole defense is that his mental condition prevented him from being able to register. At the very least, defendant should have the opportunity to have his expert testify and allow the jury to determine the merits of his defense. The court believes that precluding Dr. Jones-Forrester's testimony would prejudice defendant, as doing so would foreclose his entire defense.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion *in limine* to exclude the testimony of defendant Richard Whittaker's expert witness (ECF No. 42) be, and the same hereby is, DENIED.

DATED November 14, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**