UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>RICHARD WHITTAKER,<br><br>Defendant(s). | Case No. 2:23-CR-13 JCM (BNW)<br><br>ORDER |

Presently before the court is defendant Richard Whittaker ("defendant")'s motion *in limine* to exclude the government's proposed rebuttal expert or, in the alternative, for a *Daubert* hearing. (ECF No. 72). The government filed a response in opposition to defendant's motion *in limine*. (ECF No. 76).[1]

Also before the court is the government's motion to seal Exhibit 1 to its response in opposition to defendant's instant motion. (ECF No. 78).

**I.   Background**

On January 31, 2023, a federal grand jury returned an indictment charging defendant with failing to update his sex offender registration in violation of 18 U.S.C. § 2250(a). (ECF No. 1 at 1). The indictment states that defendant, who was convicted of rape in Arkansas in 1993, traveled

---

[1] Although LCR 12-2 is silent on the permissibility of filing a reply to a motion *in limine*, LR 16-3 elucidates that reply briefs "will be allowed only with leave of the court." LR 16-3. The court extends this interpretation to LCR 12-2, especially considering the time-sensitive nature of the case, as calendar call is set for February 21, 2024.

**James C. Mahan**
**U.S. District Judge**

in interstate commerce and *knowingly* failed to register or update a registration as required by the Sex Offender Registration and Notification Act ("SORNA"). (*Id.* at 1-2) (emphasis added).

Defendant filed a notice of intent to introduce expert evidence relating to mental disease on June 30, 2023. (ECF No. 19). On August 17, 2023, defendant filed an expert notice identifying Dr. Sharon Jones-Forrester ("Dr. Jones-Forrester") as his expert witness. (ECF No. 29).

The expert notice indicated that defendant's expert would testify that defendant's "symptoms would prevent him from completing registration requirements and legal tasks on this [sic] own," and that defendant "will likely need assistance complying with legal requirements and daily tasks." (*Id.* at 5). Defendant supplemented his expert notice with two reports authored by Dr. Jones-Forrester. (ECF Nos. 29-3; 29-4). Trial is scheduled for February 26, 2024. (ECF No. 62).

On November 14, 2023, the court denied the government's motion *in limine* to exclude the opinions of Dr. Jones-Forrester. (ECF No. 53). In its ruling, the court reasoned that her testimony was essential to determine whether defendant's alleged dementia caused him to fail to update his sex offender registry knowingly. (*Id.* at 5). Additionally, the court found that defendant would suffer prejudice if the court granted the government's motion to exclude Dr. Jones-Forrester, as doing so would foreclose his entire defense. (*Id.* at 6).

Subsequently, the government filed an expert notice for Dr. Peifeng Hu ("Dr. Hu"), a geriatrician who plans to testify that Dr. Jones-Forrester did not properly diagnose defendant with dementia and that the cognitive level that defendant demonstrated during the relevant time period was not consistent with someone suffering from severe dementia. (ECF No. 76 at 2). Accordingly, Dr. Hu concludes that any cognitive defect was insufficient to prevent defendant from registering as a sex offender. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

- 2 -

On January 29, 2024, defendant filed a motion to exclude Dr. Hu, arguing that his proposed testimony is irrelevant and he is not qualified to opine on the issues of geriatric medicine and dementia. (ECF No. 72 at 3-11).

As explained, *infra*, the testimony of the government's rebuttal expert is crucial in helping the jury determine whether defendant knowingly committed the charged offense, as he suffers from dementia. Furthermore, his testimony is relevant, and he is sufficiently qualified to opine on the issues of geriatric medicine and dementia.

## II.   Legal Standard

### A.   Motions *in limine*

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir.

**James C. Mahan**
**U.S. District Judge**

1999) ("[t]he district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

B. Expert testimony

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed R. Evid. 702.

The district court serves a gatekeeper function in evaluating scientific testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). When a district court is faced with a proffer of scientific testimony, it must make a preliminary determination under FRE 702 whether the reasoning or methodology underlying the testimony is scientifically valid. *Id.* at 592-93. A key question to be answered in determining whether a theory or technique is scientific knowledge that will assist the trier of fact will be whether it can be tested. *Id.* at 593.

The objective of this gatekeeping requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *See Kumho Tire Co. v. Carmichael*,

James C. Mahan
U.S. District Judge

- 4 -

526 U.S. 137, 152 (1999).  This gatekeeping requirement applies not only to scientific testimony, but also to all expert testimony covered by FRE 702.  *Id.* at 147-49.

The trial court has the role of keeping out expert testimony that is not relevant and has broad latitude in exercising this function.  *Cooper v. Brown*, 510 F.3d 970, 942 (9th Cir. 2007).  The court, as the proponent of evaluating whether an expert's testimony is relevant, should not limit its consideration to the strength or existence of the expert's opinion.  *See United States v. Rahm*, 993 F.2d 1405, 1411 (9th Cir. 1993).  Instead, the ultimate consideration is whether the expert's testimony would assist the jury in drawing its own conclusion as to a fact at issue.  *Id*.

### III.  Discussion

A.  <u>Motion to seal</u>

As a preliminary matter, the court will first address the government's motion to seal Exhibit 1 to its response in opposition to defendant's instant motion.  (ECF No. 78).

A party seeking to seal a judicial record must demonstrate "compelling reasons supported by supported factual findings . . . sufficient to outweigh the public's interest in disclosure."  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  As the government argues in its motion, courts in this district have ruled that the "need to protect medical privacy qualifies as a 'compelling reason' for sealing records."  *Steven City Broomfield v. Aranas*, No. 3:17-cv-00683-MMD-WGC, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020) (internal citations omitted).

Exhibit 1 discusses the medical records of defendant.  (ECF No. 65-1).  Accordingly, the court grants the government's motion to seal Exhibit 1 to its response in opposition to defendant's instant motion.  (ECF No. 78).

. . .

James C. Mahan
U.S. District Judge

- 5 -

B.  Motion *in limine*

The government cites to the Local Rules, which denote that "[f]or trial-related motions . . . such as motions in limine, such motions will not be considered unless the movant attaches a statement certifying that the parties have participated in the meet and confer process . . . ." LCR 12-2.  Defense counsel did not indicate that she met and conferred with the government prior to filing defendant's motion to exclude the government's proposed rebuttal expert.

The plain language of the rule compels the court to strike defendant's motion.  However, defendant's motion lacks merit regardless of LCR 12-2, as Dr. Hu is qualified to opine on Dr. Jones-Forrester's neuropsychological findings and his testimony is relevant under Federal Rule of Evidence 702.

        *i.  Qualifications of Dr. Hu*

Defendant posits that the court should exclude the testimony of Dr. Hu, as he is not an expert in the field of forensic neuropsychology.  Defendant claims Dr. Hu lacks forensic experience, has never testified in a criminal case, is not a psychologist of any type, and has no expertise in conducting neuropsychological assessments.  (ECF No. 72 at 4).

Most pertinent to his proposed testimony, defendant states that Dr. Hu's "clinical specialization is in the treatment response for dementia patients, not in the condition's diagnosis through neuropsychological testing."  (*Id.*).

The government counters by outlining Dr. Hu's extensive experience in the fields of geriatric medicine and major neurocognitive disorder, the latter of which is referred to as dementia.  (ECF No. 76 at 5).  Dr. Hu has been a professor in the field of geriatric medicine since 2009, served as an attending physician in the field of geriatric medicine since 2001, and received research grants to study *dementia*.  (*Id.* at 5-6) (emphasis added).  The government also cites to a published

James C. Mahan
U.S. District Judge

academic paper of which Dr. Hu was a co-author, wherein he discussed implementing an assessment protocol related to identifying dementia. (*Id.* at 6).

The court finds Dr. Hu qualified to testify in this case. Defendant's only defense for failing to update his sex offender registration is that he allegedly suffers from dementia. Dr. Hu's testimony would assist a trier of fact in determining whether defendant's cognitive conditions prevented him from complying with his obligations to register as a sex offender. He has published an academic paper on dementia specifically. (ECF No. 76 at 6). Finally, defendant cites no authority to support the notion that Dr. Hu must have qualifications identical to those of Dr. Jones-Forrester in order to testify.

> ii. *Relevance of Dr. Hu's testimony*

There is little doubt that under Federal Rule of Evidence 702, Dr. Hu's testimony is relevant in assisting the jury with determining whether defendant's alleged dementia was severe enough to prevent him from updating his sex offender registration, the lone defense to his case.

The main argument proffered by defendant, outside of attempting to undermine Dr. Hu's well-established qualifications, appears to be simply that Dr. Hu disagrees with Dr. Jones-Forrester.

Under 18 U.S.C. § 2250, the government must prove that (1) defendant is required to register under SORNA; (2) defendant traveled in interstate commerce; and (3) defendant knowingly failed to register or update registration under SORNA. 18 U.S.C. § 2250(a). Most pertinent to this matter is the third element of the statute, which has a "knowingly" component that requires "the government to prove that a convicted sex offender knew of a registration and knowingly failed to register or update a registration." 18 U.S.C. § 2250(a)(3); *see United States v. Crowder*, 656 F.3d 870, 876 (9th Cir. 2011).

**James C. Mahan**
**U.S. District Judge**

In his motion, defendant avers that "it is not enough that a dissenting expert simply disagree with another expert to make the dissenting expert's opinion relevant." (ECF No. 72 at 6). This statement is conclusory, as defendant cites neither binding nor persuasive authority to buttress this position.

Furthermore, the government has specifically outlined Dr. Hu's proposed testimony. He is not "simply disagreeing with Dr. Jones-Forrester." Dr. Hu plans to testify that Dr. Jones-Forrester did not properly diagnose defendant with dementia and that the cognitive level that defendant demonstrated during the relevant time period was inconsistent with someone suffering from severe dementia. (ECF No. 76 at 2).

Given Dr. Hu's experience studying dementia and his breadth of knowledge of geriatric medicine as a whole, the court reasons that allowing his testimony is paramount to understanding the extent of defendant's memory issues, and it would contravene principles of equity to disallow him the opportunity to rebut Dr. Jones-Forrester's expert testimony.

In sum, Dr. Hu's testimony is relevant and admissible under FRE 702, as it will assist the jury in determining whether defendant *knew* of his registration requirements at the time of his offense, and whether he *knowingly* failed to register as a sex offender due to his dementia. *See Crowder*, 656 F.3d at 876.

Finally, there is no need to conduct a *Daubert* hearing regarding Dr. Hu's proposed expert testimony. *See United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1189 (9th Cir. 2019) (holding that district courts are not required to conduct *Daubert* hearings when evaluating the admissibility of an expert witness).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Richard Whittaker's motion *in limine* to exclude the government's proposed rebuttal expert or, in the alternative, for a *Daubert* hearing (ECF No. 72) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED THAT the government's motion to seal Exhibit 1 to its response in opposition to defendant's instant motion (ECF No. 78), be, and the same hereby is, GRANTED.

DATED February 16, 2024.

_____
UNITED STATES DISTRICT JUDGE