UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>RICHARD WHITTAKER,<br><br>Defendant(s). | Case No. 2:23-CR-13 JCM (BNW)<br><br>ORDER |

Presently before the court is the government's omnibus *motion in limine*. (ECF No. 74). Defendant Richard Whittaker ("defendant") filed a response (ECF No. 82), to which the government replied. (ECF No. 83).

**I.   Background**

On January 31, 2023, a federal grand jury returned an indictment charging defendant with failing to update his sex offender registration in violation of 18 U.S.C. § 2250(a). (ECF No. 1 at 1). The indictment states that defendant, who was convicted of rape in Arkansas in 1993, traveled in interstate commerce and *knowingly* failed to register or update a registration as required by the Sex Offender Registration and Notification Act ("SORNA"). (*Id.* at 1-2) (emphasis added).

In a prior case adjudicated in 2017, defendant was convicted of a violation of SORNA and was sentenced to thirty months' imprisonment followed by a lifetime of supervised release. (ECF No. 74 at 2). Upon defendant's release from prison, the state of Arkansas extradited him pursuant to a warrant for failure to comply with registration and reporting requirements under

state law. (*Id.*). Defendant was sentenced to a term of 18-36 months imprisonment and was released on November 10, 2022. (*Id.*).

Upon his release, the Arkansas Bureau of Corrections (the "Bureau of Corrections") provided defendant with his judgment of conviction, an order of discharge detailing his offense, and an Arkansas change of information form for registered sex offenders. (*Id.*). Pursuant to defendant's request, the Bureau of Corrections provided him with a bus ticket to Las Vegas. (*Id.*).

On November 18, 2022, officers with the Las Vegas Metropolitan Police Department encountered defendant and advised him of his requirement to register as a sex offender. (*Id.* at 2-3). On November 23, 2023, the probation office filed a petition alleging that defendant violated his conditions of supervised released by failing to comply with the requirements of SORNA and for failing to report to the probation office within seventy-two hours of his release from prison. (*Id.* at 3).

The United States marshals located defendant by subpoenaing records from defendant's bank and the hotels in which he resided (the "business records"). The business records showed that defendant continued to reside in Nevada without updating his sex offender registration, prompting his arrest and the aforementioned indictment. (*Id.*).

The government has filed an omnibus motion *in limine* to admit the business records and defendant's prior judgments of conviction in 2016, 2017, and 2019. The court grants the government's omnibus motion *in limine*, but will exclude the 2016 and 2017 judgments of conviction, as their admission could lead to unfair prejudice that outweighs their probative value.

**II.  Legal Standard**

"The court must decide any preliminary question about whether . . . evidence is

admissible." Fed. R. Evid. 104.  Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence.  *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980).  Motions *in limine* may be used to exclude or admit evidence in advance of trial.  *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*.  *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("[t]he district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

**III.   Discussion**

   A.   Business records

The government first moves to admit the business records from defendant's bank and the hotels he occupied.  Defendant does not contest the authenticity of the records, so the court need only examine if they are relevant.

Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has a tendency to make a fact of consequence more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Any evidence that is not relevant under Rule 401 is inadmissible. Fed. R. Evid. 402.

SORNA elucidates that a sex offender is required to register where he resides. 34 U.S.C. ¶ 20913(a). The sex offender shall have no more than three business days after each change of residence to register or update his registration with that new address. *Id*.

The government posits that the business records are relevant because they show that defendant was continuously present and residing in Nevada, all while never updating his registration to indicate that he had returned to Nevada. (ECF No. 74 at 5). Defendant contends that the government can establish defendant was living in Las Vegas without these records. (ECF No. 82 at 9). He argues that the business records do not make the fact that he was in Las Vegas longer than three days more or less probable. (*Id.*).

The court will permit the admission of the business records, as they are relevant. Although defendant believes the bus ticket provided to defendant by the Bureau of Corrections on November 10, 2022, is sufficient to proceed, the government is correct in averring that the ticket does not account for the full time period for which defendant is charged. The business records also show that defendant violated SORNA on multiple occasions, as he changed addresses more than once.

As stated, *supra*, the sex offender shall have no more than three business days after each change of residence to register or update his registration with that new address. 34 U.S.C. § 20913(a). The admission of the business records shows that defendant maintained a *continuous* presence within Las Vegas and did not travel out of the city. Accordingly, the probative value of

the business records is readily apparent, as they make the fact that defendant was living in Las Vegas more probable.

The court grants the government's omnibus motion *in limine* as it pertains to the business records.

B. Prior convictions

The government also seeks to admit defendant's prior judgments of conviction from 2016, 2017, and 2019. Given that all three judgments are sealed, signed, and certified, they are properly authenticated under Federal Rule of Evidence 902. Again, the court must turn to relevance in determining whether they are admissible.

Federal Rule of Evidence 404(b) states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The rule also lists permitted uses of this kind of evidence, such as to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed R. Evid. 404(b)(2).

Here, the government argues that admission of the judgments of conviction show that defendant's failure to update his registration was not a mistake or accident. The Ninth Circuit employs a four-pronged test to determine whether evidence of prior crimes is admissible under Rule 404(b): (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) in cases where knowledge and intent are at issue, the act is similar to the offense charged." *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005).

The court adopts the government's reasoning as to the first prong. Defendant's expert will testify that defendant lacked the mental capacity to fail to register knowingly. The prior

- 5 -

convictions demonstrate that defendant has a repeated pattern of failing to comply with the rules governing registration as a sex offender. Accordingly, his prior convictions are relevant to determine whether defendant "knowingly fail[ed] to register or update a registration as required by SORNA." *See* 18 U.S.C. § 2250(a).

As it relates to the second factor, the Ninth Circuit has not set a clear cutoff for what constitutes a prior act that is too remote. There have been numerous occasions where the Ninth Circuit has found that convictions older than ten years were not too remote in time. *See United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989) (an act committed thirteen years prior to the offense at issue was not too remote); *United States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989) (a conviction over ten years old was not too remote). Here, the earliest conviction is from 2016, comporting with the timeframe deemed not too remote by the Ninth Circuit.

The third and fourth factors of the *Vo* test do not require much analysis. The evidence that supports the finding that defendant committed the other acts are the judgments themselves, which the court established have been authenticated. Finally, all the convictions are for conduct not just similar, but identical, to the offense charged.

However, although the government has satisfied all four prongs of the *Vo* test, overriding all evidentiary issues is Federal Rule of Evidence 403. When evidence is relevant, it may still be excluded when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *United States v. Skillman*, 922 F.2d 1370, 1374 (9th Cir. 1990).

Admitting the 2016 and 2017 judgments of convictions would be highly prejudicial to defendant. The risk of unfair prejudice is especially obvious where a prior conviction was for a crime similar to the charges in the pending case. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997). All three judgments are for the same offense. The court agrees with defendant that the admission of such evidence would unfairly bias the jury against him, leading the jury to perceive defendant as a habitual offender rather than evaluating the specific charges and facts.

It is imperative that the jury consider the merits of defendant's defense only, which is that he did not register because he suffers from dementia. Any external considerations would taint and cloud the jury's judgment and undermine defendant's presumption of innocence. Therefore, the court denies the government's omnibus motion *in limine* relating to the 2016 and 2017 judgments of conviction.

The court will allow the admission of defendant's 2019 judgment of conviction, as it is inextricably intertwined with the charged conduct. Evidence is inextricably intertwined when (1) the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge," or (2) the evidence is necessary "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995).

There is no doubt that defendant's 2019 judgment of conviction is inextricably intertwined with the charged conduct. The Bureau of Prisons provided defendant with numerous documents that constitute the genesis of the current offense: (1) a bus ticket to travel from Arkansas to Las Vegas; (2) his 2019 judgment of conviction indicating he had to register as a sex offender; (3) an order of discharge noting that he served his term of imprisonment after failing to comply with registration requirements; and (4) a change of information form for registered sex

offenders.

As the government suggests, all these documents suggest that defendant "was reminded of his requirements to update his registration, and [his] continued possession of such documents when he arrived in Nevada suggest that he continued to be reminded." (ECF No. 74 at 10). The court will allow for the admission of defendant's 2019 judgment of conviction, as it is inextricably intertwined with the charged conduct.

IV. **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's omnibus *motion in limine* (ECF No. 74) be, and the same hereby is, GRANTED IN PART and DENIED IN PART.

The court will permit the government to present evidence of defendant's business records and his 2019 judgment of conviction.

DATED February 20, 2024.

_____
UNITED STATES DISTRICT JUDGE