UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-CR-13 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| RICHARD WHITTAKER, | |
| Defendant(s). | |

Presently before the court is the government's second motion to reconsider the court's order dismissing the case. (ECF No. 109).

Defendant Richard Whittaker ("defendant") is a convicted sexual predator who is currently serving a term of supervised release. The violation of defendant's supervised release conditions is being adjudicated in case number 2:16-cr-00216-APG-EJY. Defendant is scheduled to appear before Judge Gordon for a revocation hearing regarding these violations on April 2, 2024, at 9:30 a.m.

In the instant matter, the government indicted defendant for failing to update his sex offender registration, as required by 18 U.S.C. § 2250(a). (ECF No. 1).

Local Rule 59-1 provides that "[a] party seeking reconsideration must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a).[1] Motion for reconsideration are disfavored. LR 59-1(b). A movant must not repeat

---

[1] There is no local rule governing motions for reconsideration in criminal cases.

1    arguments already present unless (and only to the extent) necessary to explain controlling,
2    intervening law or to argue new facts. *Id*.

3         A motion for reconsideration must set forth: (1) some valid reason why the court should
4    revisit its prior order and (2) facts or law of a strongly convincing nature in support of reversing
5    the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

6         The government fails to satisfy either prong elucidated in *Frasure*. The government's
7    main argument is that "[t]he Court, and the First Reconsideration Motion, presumed that the
8    Probation Office petitioned for revocation in Case No. 2:16-cr-217 on the allegation that
9    Whittaker had committed a new crime by failing to register under 18 U.S.C. § 2250(a)." (ECF
10   No. 109 at 3).

11        The revocation petition alleges violations of two conditions: (1) comply with sex offender
12   registration and (2) report within 72 hours. (Case No. 2:16-00217, ECF No. 69).

13        By its own admission, the government overlooked this information in its first motion for
14   reconsideration when filing the instant motion, information that was readily available. (ECF No.
15   109 at 3).

16        Furthermore, while the petition does not allege a violation of mandatory condition 1,
17   which prohibits defendant from committing another federal, state, or local crime, both of the
18   alleged violations stem from defendant's interaction with the police on November 10, 2022.
19   This interaction is also the genesis of the indictment in this matter.

20        Finally, the motion again cites cases from the Fourth Circuit and Seventh Circuit, neither
21   of which is binding on this court.

. . .

. . .

Accordingly, the court interprets the local rules governing civil practice for this matter.

- 2 -

Given these issues, the court finds the government lacks good cause to move for reconsideration and that its second motion for reconsideration is duplicative of its original motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's second motion for reconsideration (ECF No. 109) be, and the same hereby is DENIED.

DATED March 13, 2024.

_____
UNITED STATES DISTRICT JUDGE